1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LOLITA LAHORI,

         Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. ED CV 11-1482-SP

**MEMORANDUM OPINION AND
ORDER**

## I.

## INTRODUCTION

On September 20, 2011, plaintiff Lolita Lahori filed a complaint against

defendant Michael J. Astrue, seeking a review of a denial of Supplemental Security

Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed

for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(c). The parties' briefing is now complete, and the court deems the matter

suitable for adjudication without oral argument.

Two issues are presented for decision here: (1) whether the Administrative

Law Judge ("ALJ") properly evaluated the relevant medical evidence of record; and

1   (2) whether the ALJ properly evaluated plaintiff's credibility and subjective
2   symptoms.  Pl.'s Mem. at 2-7, 8-11; Def.'s Mem. at 2-6, 6-8.

3       Having carefully studied, inter alia, the parties' written submissions and the
4   Administrative Record ("AR"), the court finds that the ALJ did not err in evaluating
5   the relevant medical evidence.  The court also finds, however, that the ALJ
6   inappropriately discounted plaintiff's credibility and her subjective complaints.
7   Therefore, the court remands this matter to the Commissioner in accordance with
8   the principles and instructions enunciated in this Memorandum Opinion and Order.

9                                            **II.**
10                  **FACTUAL AND PROCEDURAL BACKGROUND**

11      Plaintiff, who was forty-two years old on the date of her November 23, 2010
12   administrative hearing, has a tenth-grade education.  *See* AR at 31, 118.  Her past
13   relevant work includes employment as a stores laborer, an industrial and
14   commercial grounds keeper, and a security guard.  *Id.* at 38.

15      On March 6, 2009, plaintiff applied for SSI, alleging that she has been
16   disabled since June 6, 2007 due to diabetes, asthma, and high blood pressure.  *See*
17   AR at 118-21, 131.  Plaintiff's application was denied initially and upon
18   reconsideration, after which she filed a request for a hearing.  *Id.* at 44, 45, 46-50,
19   51, 52-56, 57.

20      On November 23, 2010, plaintiff, represented by counsel, appeared and
21   testified at a hearing before the ALJ.  AR at 23-35, 37-38, 41-43.  The ALJ also
22   heard testimony from Sandra Fioretti, a vocational expert ("VE").  *Id.* at 36-41.  On
23   December 22, 2010, the ALJ denied plaintiff's request for benefits.  *Id.* at 11-17.

24      Applying the well-known five-step sequential evaluation process, the ALJ
25   found, at step one, that plaintiff has not engaged in substantial gainful activity since
26   March 6, 2009, the date of plaintiff's SSI application.  AR at 13.

27      At step two, the ALJ found that plaintiff suffers from severe medically
28   determinable impairments consisting of diabetes mellitus and hypertension.  AR at

1   13.  The ALJ further found that plaintiff's obesity, asthma, and incontinence are
2   non-severe impairments because they are not documented by the medical evidence
3   of record as causing work-related limitations.  *Id.*

4        At step three, the ALJ determined that the evidence does not demonstrate that
5   plaintiff's impairments, either individually or in combination, meet or medically
6   equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix
7   1.  AR at 13-14.

8        The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and
9   determined that she can perform light work with the following limitations:
10  "[plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently;
11  stand and/or walk 6 hours in an 8-hour workday with normal breaks; sit 6 hours in
12  an 8-hour workday with normal breaks; and perform postural activities of climbing
13  stairs, stooping, crouching, crawling, and kneeling occasionally."  AR at 14
14  (emphasis omitted).

15       The ALJ found, at step four, that plaintiff lacks the ability to perform her past
16  relevant work.  AR at 15.

17       At step five, based upon plaintiff's vocational factors and RFC, the ALJ
18  found that "there are jobs that exist in significant numbers in the national economy
19  that [plaintiff] can perform."  AR at 15 (emphasis omitted).  The ALJ therefore
20  concluded that plaintiff was not suffering from a disability as defined by the Social
21  Security Act.  *Id.* at 11, 17.

22       Plaintiff filed a timely request for review of the ALJ's decision, which was

23

24  _____

25  [1]   Residual functional capacity is what a claimant can still do despite existing
    exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155
26  n.5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the
    ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's
27  residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir.
28  2007).

3

1  denied by the Appeals Council.  AR at 1-3, 5.  The ALJ's decision stands as the

2  final decision of the Commissioner.

3                                        **III.**

4                          **STANDARD OF REVIEW**

5           This court is empowered to review decisions by the Commissioner to deny

6  benefits.  42 U.S.C. § 405(g) (2010).  The findings and decision of the Social

7  Security Administration must be upheld if they are free of legal error and supported

8  by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

9  But if the court determines that the ALJ's findings are based on legal error or are

10  not supported by substantial evidence in the record, the court may reject the findings

11  and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033,

12  1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

13          "Substantial evidence is more than a mere scintilla, but less than a

14  preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant

15  evidence which a reasonable person might accept as adequate to support a

16  conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

17  F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding,

18  the reviewing court must review the administrative record as a whole, "weighing

19  both the evidence that supports and the evidence that detracts from the ALJ's

20  conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed

21  simply by isolating a specific quantum of supporting evidence.'"  *Aukland*, 257 F.3d

22  at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the

23  evidence can reasonably support either affirming or reversing the ALJ's decision,

24  the reviewing court "'may not substitute its judgment for that of the ALJ.'"  *Id.*

25  (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

26  / / /

27  / / /

28  / / /

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.**

**DISCUSSION**

**A.      The ALJ Did Not Err in Evaluating the Medical Evidence**

Plaintiff contends the ALJ "fail[ed] to include Plaintiff's gastrointestinal problem and chronic diarrhea as a severe impairment."  Pl.'s Mem. at 3.  And plaintiff argues that "the ALJ has completely disregarded all of the Plaintiff's complaints and the medical evidence supporting the impairments, symptoms and limitations in her upper and lower extremities."  *Id.* at 6.  Plaintiff further asserts the ALJ failed to include any limitations "regarding the Plaintiff's need to frequently use the bathroom" or "any limitations involving the Plaintiff's upper extremities in his assessment of Plaintiff's residual functional capacity."  *Id.* at 3, 6.

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms (including pain) that are reasonably attributed to a medically determinable impairment.  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see* Social Security Ruling ("SSR") 96-5p,[2/] 1996 WL 374183, at *5 (July 2, 1996); 20 C.F.R. § 416.945(a)(3) (2012) (a claimant's assessed RFC is based upon all the relevant evidence in the case record).  As discussed above, the ALJ determined that plaintiff has the RFC to perform light work with the following limitations: lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk six hours in an eight-hour workday with normal breaks; sit six hours in an eight-hour workday with normal breaks; and perform postural activities of climbing stairs,

---

[2/]   "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies.  SSRs are binding on all components of the [Social Security Administration].  SSRs do not have the force of law.  However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference.  We will not defer to SSRs if they are inconsistent with the statute or regulations."  *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

5

1    stooping, crouching, crawling, and kneeling occasionally.[3/]  AR at 14.

2         Having carefully reviewed the record and the parties' written submissions, the

3    court finds that the ALJ's RFC finding is supported by substantial evidence.  In

4    arriving at the RFC, the ALJ gave significant weight to the medical opinions of state

5    agency medical consultants Dr. G. Lockie and Dr. J. Hartman.  *See* AR at 15; *see*

6    *also* AR at 200-01, 262-63.  Plaintiff argues that "neither of these state agency

7    opinions should be given any substantial weight given the fact that they reviewed

8    only a small portion of the available medical evidence of record in this case which

9    clearly reflects that this Plaintiff is more limited than as suggested by those state

10   agency reviewing physicians."  Pl.'s Mem. at 4.  While it is true that the consulting

11   physicians did not incorporate each and every medical exhibit in their opinions,

12   both physicians' opinions are supported by and consistent with the record as a

13   whole.  *Andrews v. Shalala*, 53 F.3d 1035, 1041-42 (9th Cir. 1995) (non-examining

14   physician's opinion may constitute substantial evidence if it is "supported by other

15   evidence in the record and [is] consistent with it").

16        Plaintiff argues that "the relevant medical evidence of record reflects Plaintiff

17   complaining of weakness in her hands and legs which was confirmed on

18   examination by the treating physician on October 24, 2008."  Pl.'s Mem. at 4 (citing

19   AR at 187).  But a May 8, 2009 examination of plaintiff's bilateral hands

20   "reveal[ed] normal alignment at the phalanges, metacarpals, and carpal bones

21   without fracture, osseous destruction, erosion, soft tissue calcification, or

22   radiopaque foreign body."  AR at 297-98.  Plaintiff also points to records containing

23   complaints of chronic diarrhea and asserts she "was diagnosed with clostridium

24   _____

25        [3/]   Light work "involves lifting no more than 20 pounds at a time with frequent

26   lifting or carrying of objects weighing up to 10 pounds.  Even though the weight

27   lifted may be very little, a job is in this category when it requires a good deal of
     walking or standing, or when it involves sitting most of the time with some pushing

28   and pulling of arm or leg controls."  20 C.F.R. § 416.967(b) (2012).

1    difficile with colitis, which was confirmed by blood test on June 1, 2009."[4/]   Pl.'s

2    Mem. at 4 (citing AR at 236, 244).  Although plaintiff was hospitalized twice – May

3    31 to June 3, 2009 (*see* AR at 228-61) and December 2 to 6, 2009 (*see* AR at 265-

4    89) – for chronic diarrhea and diagnosed with Clostridium difficile, there is no

5    objective medical evidence of any limitations due to diarrhea or Clostridium

6    difficile.  The June 3, 2009 Discharge Summary indicated that plaintiff's condition

7    improved with intravenous antibiotics and fluids, and that upon discharge plaintiff's

8    "Clostridium difficile with colitis . . . [was] improving."  *Id.* at 236.  Similarly, the

9    December 6, 2009 Discharge Summary indicated that plaintiff was "clinically

10   stable" upon discharge.  *Id.* at 288.  In addition, plaintiff was advised that she could

11   be seen as an outpatient, and that she should continue taking Imodium "as needed

12   for diarrhea."  *Id.*

13        Further, although "Plaintiff has consistently complained of having

14   neurological symptoms and limitations [a]ffecting her upper and lower extremities"

15   (Pl.'s Mem. at 5), the objective findings in the record do not support her claims.  As

16   the ALJ found, "[plaintiff] presents with a variety of complaints of musculoskeletal

17   aches and pains but radiographic evidence is generally negative aside from mild

18   findings of scoliosis and slight anterior wedging of cervical vertebrae."  AR at 14.

19   For instance, an examination of plaintiff's lumbar spine revealed "Mild

20   levoscoliosis, otherwise negative" results, notwithstanding plaintiff's allegations of

21   back strain and sprain.  *Id.* at 301.  And despite complaining of pain in her feet, an

22   x-ray of plaintiff's right and left feet failed to demonstrate any fractures or

23   dislocation, and revealed no significant radiographically identifiable abnormality.

24   _____

25       [4/]   Clostridium difficile is "a species that is part of the normal colon flora in
26   infants and some adults; it produces a toxin that can cause pseudomembranous
     enterocolitis in patients receiving antibiotic therapy."  *Dorland's Illustrated*
27   *Medical Dictionary* 374 (32nd ed. 2012).  Colitis is "inflammation of the colon."
28   *Id.* at 384.

1   *Id.* at 318-19.

2   In support of plaintiff's upper and lower extremity impairments, plaintiff

3   seeks to submit "a nerve conduction study performed on Plaintiff's extremities by

4   Dr. Raj Karnani, M.D., a neurologist who performed testing on Plaintiff's

5   extremities on November 17, 2010."  Pl.'s Mem. at 6.  Plaintiff argues that "this

6   nerve conduction study is both new and material and should be considered in the

7   decision making process in this case."  *Id.* at 7.  Although a district court may

8   remand a case to the Commissioner for consideration of new evidence, it may do so

9   "only upon a showing that the[] . . . new evidence . . . is material and that there is

10  good cause for the failure to incorporate such evidence into the record in a prior

11  proceeding."  42 U.S.C. § 405(g) (2010); *see Mayes*, 276 F.3d at 462.  Also, the

12  evidence must "relate[] to the period on or before the date of the [ALJ's] hearing

13  decision."  20 C.F.R. § 416.1476(b)(1) (2012).  Evidence is material "where there is

14  a reasonable possibility that the new evidence would have changed the outcome of

15  the [Commissioner's] determination had it been before him."  *Booz v. Sec'y of*

16  *Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (internal quotation

17  marks, emphasis, and citation omitted).

18  In this case, even assuming, without deciding, that the nerve conduction study

19  is material, plaintiff has failed to demonstrate "good cause for the failure to

20  incorporate such evidence into the record in a prior proceeding."  *See* 42 U.S.C.

21  § 405(g) (2010); *Booz*, 734 F.2d at 1380.  "A claimant does not meet the good cause

22  requirement by merely obtaining a more favorable report once his . . . claim has

23  been denied."  *Mayes*, 276 F.3d at 463.  Plaintiff here merely asserts that "this report

24  was unfortunately not available to Plaintiff for submission to the Defendant

25  Administration prior the ALJ's decision."  Pl.'s Mem. at 7.  As defendant points out,

26  "Plaintiff makes no showing that the report, which predates the administrative

27  hearing, the ALJ's decision, and the Appeals Council's denial of review, was

28  unavailable in the sense that it could not have been obtained earlier."  Def.'s Mem.

1   at 4; *see Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (finding no "good

2   cause" where the claimant submitted medical report prepared after the hearing, but

3   gave no reason for not soliciting the information sooner).  Thus, a remand to

4   consider this evidence is not warranted here.

5   **B.**     **The ALJ Improperly Discounted Plaintiff's Credibility and Subjective**

6           **Complaints**

7           Plaintiff argues that the ALJ failed to properly assess her credibility.  *See* Pl.'s

8   Mem. at 8-11.  Specifically, plaintiff contends that the ALJ improperly discounted

9   her credibility based on lack of supporting objective medical evidence and "failed to

10  specify which statements by Plaintiff concerning pain, functional limitations, and

11  other symptoms were not 'sufficiently credible.'"  *Id.* at 10.  The court disagrees

12  with plaintiff that the ALJ failed to specify which statements by plaintiff were

13  incredible; but the court finds the ALJ improperly discounted plaintiff's credibility

14  based solely on lack of supporting objective medical evidence.

15          A claimant carries the burden of producing objective medical evidence of his

16  or her impairments and showing that the impairments could reasonably be expected

17  to produce some degree of the alleged symptoms.  *Benton ex rel. Benton v.*

18  *Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  But once the claimant meets that

19  burden, medical findings are not required to support the alleged severity of pain.

20  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light v.*

21  *Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present

22  clinical or diagnostic evidence to support the severity of his pain" (citation

23  omitted)).

24          Instead, once a claimant has met the burden of producing objective medical

25  evidence, an ALJ can reject the claimant's subjective complaint "only upon (1)

26  finding evidence of malingering, or (2) expressing clear and convincing reasons for

27  doing so."  *Benton*, 331 F.3d at 1040.  The ALJ may consider the following factors

28  in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2)

1  inconsistencies either in the claimant's testimony or between the claimant's

2  testimony and his or her conduct; (3) his or her daily activities; (4) his or her work

3  record; and (5) testimony from physicians and third parties concerning the nature,

4  severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*,

5  278 F.3d 947, 958-59 (9th Cir. 2002).

6      Here, the ALJ did not find evidence of malingering. *See generally* AR at 11-

7  17. Thus, in rejecting plaintiff's credibility the ALJ was required to articulate clear

8  and convincing reasons. *See Benton*, 331 F.3d at 1040. Although these reasons

9  may include findings from the objective medical evidence, these reasons may not be

10 based solely on the medical evidence. Rather, where, as here, the plaintiff produced

11 sufficient medical evidence of underlying impairments that are likely to cause some

12 degree of her alleged symptoms, the ALJ errs to the extent he rejects the plaintiff's

13 credibility based solely upon a lack of objective findings to support her allegations.[5]

14 *See Bunnell*, 947 F.2d at 345 ("once [a] claimant produces objective medical

15 evidence of an underlying impairment, an [ALJ] may not reject [the] claimant's

16 subjective complaints based solely on a lack of objective medical evidence to fully

17 corroborate the alleged severity of pain" (citation omitted)); SSR 96-7p, 1996 WL

18 374186, at *1 (July 2, 1996) (claimant's "statements about the intensity and

19 persistence of pain or other symptoms or about the effect the symptoms have on his

20

21  _____

22  [5]  Plaintiff provided sufficient medical evidence of her underlying impairments
    – diabetes mellitus, hypertension, and chronic diarrhea – that were likely to produce
23  the symptoms she described. *See, e.g.*, AR at 174 (plaintiff was diagnosed with,
    inter alia, hypertension in a May 15, 2007 treatment note), 228-61 (plaintiff was
24  hospitalized for chronic diarrhea from May 31 to June 3, 2009), 265-89 (plaintiff
    was hospitalized for chronic diarrhea from December 2 to 6, 2009), 299 (in a June
25  12, 2009 treatment note, plaintiff was assessed with diarrhea and hypertension), 312
26  (plaintiff was assessed with diarrhea on July 10, 2009), 315 (plaintiff was assessed
    with diarrhea on July 24, 2009), 321 (in a November 10, 2009 treatment note,
27  plaintiff was assessed with hypertension and diabetes mellitus type 2).
28

10

1  or her ability to work may not be disregarded solely because they are not
2  substantiated by objective medical evidence").

3      The ALJ here concluded plaintiff's "statements concerning the intensity,
4  persistence and limiting effects of her symptoms are credible only to the extent that
5  they are consistent with [her assessed] residual functional capacity."  AR at 15.  In
6  rejecting plaintiff's credibility, the ALJ found that:

7          [Plaintiff] was quite dramatic in her testimony of bowel incontinence
8          which is not documented in the objective evidence.  Likewise, the
9          evidence does not come close to corroborating the subjective
10         complaints of 15-20 urgent and emergency trips to the bathroom on bad
11         days which assertedly number 15-20 days per month.  According to
12         [plaintiff's] testimony, some days she is afraid to leave the bathroom
13         and she has recently began wearing adult diapers.  The medical
14         evidence of record is filled with subjective complaints that are
15         routinely refuted by objective testing.

16  *Id.*  Plaintiff argues that "[t]he ALJ is simply misstating the facts in this case in an
17  attempt to discredit Plaintiff's testimony" and directs the court to "Plaintiff's
18  consistent complaints of chronic diarrhea, the two hospital admissions for diarrhea,
19  positive blood tests for clostridium difficile, and the notes at the time of discharge
20  regarding the frequency of bowel movements."  Pl.'s Mem. at 9 (citing AR at 288).

21     Having duly reviewed the record, the court agrees with plaintiff that the
22  ALJ's credibility finding is not supported by substantial evidence in the record.
23  Specifically, contrary to the ALJ's finding that "the evidence does not come close to
24  corroborating the subjective complaints of 15-20 urgent and emergency trips to the
25  bathroom" (AR at 15), the December 6, 2009 Discharge Summary report indicated
26  that plaintiff was "usually having diarrhea 18 times a day and [on the day of
27  discharge], the diarrhea episodes went down to six times."  *Id.* at 288.  In addition to
28  plaintiff's hospital admissions in May/June 2009 and December 2009, the record

1  reflects that plaintiff made repeated complaints of diarrhea to her treating physician
2  between May 2009 and July 2010.  *See id.* at 297, 299, 303, 312, 313, 315, 321,
3  327, 331, 332, 337, 338, 339, 344.  Although much of this medical evidence of
4  diarrhea is based on plaintiff's own reporting, this is not surprising given the nature
5  of the ailment.  In any event, there is sufficient objective medical evidence for the
6  court to determine that the ALJ's credibility finding – that plaintiff's subjective
7  complaints were not corroborated by medical evidence – was not supported by
8  substantial evidence.

9       Moreover, even if the ALJ's credibility finding had been supported by
10  substantial evidence, the one reason he gave, lack of corroborating medical
11  evidence, was insufficient by itself.  An ALJ "may not reject a claimant's subjective
12  complaints based solely on a lack of objective medical evidence to fully corroborate
13  the alleged severity of pain." *Bunnell*, 947 F.2d at 345 (citation omitted).  Here, the
14  ALJ failed to state any other legally valid reason for discounting plaintiff's
15  credibility.  *See* AR at 15.

16       Defendant maintains the ALJ also rejected plaintiff's credibility based upon
17  "Plaintiff's symptom exaggeration."  Def.'s Mem. at 7.  Although the ALJ
18  suggested plaintiff's symptoms were exaggerated, he did not rely on this reason to
19  reject plaintiff's credibility.  *See* AR at 15.  Instead, the ALJ stated that "[t]he
20  medical evidence of record is filled with subjective complaints that are routinely
21  refuted by *objective testing*." *Id.* (emphasis added).  Thus, the ALJ's two purported
22  reasons for discounting plaintiff's credibility are, in essence, equivalent and
23  insufficient.

24       Accordingly, the court finds that the ALJ failed to provide clear and
25  convincing reasons for discounting plaintiff's subjective complaints of pain and
26  limitation.

27  / / /
28  / / /

12

1

## V.

2

## REMAND IS APPROPRIATE

3   The decision whether to remand for further proceedings or reverse and award

4   benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888

5   F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further

6   proceedings, or where the record has been fully developed, it is appropriate to

7   exercise this discretion to direct an immediate award of benefits.  *See Benecke v.*

8   *Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172,

9   1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns

10   upon their likely utility).  But where there are outstanding issues that must be

11   resolved before a determination can be made, and it is not clear from the record that

12   the ALJ would be required to find plaintiff disabled if all the evidence were

13   properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96;

14   *Harman*, 211 F.3d at 1179-80.

15   Here, as set out above, remand is required because the ALJ erred in failing to

16   properly evaluate plaintiff's credibility.  On remand, the ALJ shall reconsider

17   plaintiff's subjective complaints with respect to her physical impairments and the

18   resulting limitations, and either credit plaintiff's testimony or provide clear and

19   convincing reasons supported by substantial evidence for rejecting them.  And, if

20   necessary, the ALJ shall obtain additional information and clarification regarding

21   plaintiff's functional limitations.  The ALJ shall then proceed through steps four and

22   five to determine what work, if any, plaintiff is capable of performing.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VI.**

**CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: May 31, 2012

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

14